IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Venita Isadore, ) | |
| ) | C/A No.: 6:06-2065-JFA-WMC |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the magistrate judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

This is an action brought by the plaintiff, Venita Isadore, pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, to obtain judicial review of the final

1

decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance (DIB) benefits and supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act.

The plaintiff applied for DIB and SSI benefits on October 2, 2003 and September 26, 2003. Her applications were denied initially and upon reconsideration. She was granted a hearing on January 13, 2005 before an Administrative Law Judge ("ALJ") before whom she appeared and testified with representation. The ALJ determined on January 27, 2006 that the plaintiff was not entitled to benefits. The Appeals Council adopted the ALJ's decision on May 19, 2006.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it

is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v. Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred filed his comprehensive Report on June 7, 2007, suggesting that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings.

Specifically, the magistrate judge opines that the ALJ (1) should have further considered the weight to be given to plaintiff's treating physician, Dr. Jeffrey Faaberg, in light of the five factors announced in the regulations; (2) failed to properly evaluate the plaintiff's credibility and subjective complaints; and (3) failed to properly consider the vocational expert's testimony in light of the questioning by plaintiff's attorney. The magistrate judge suggests that the ALJ's decision is insufficient to enable a reviewing court to properly determine whether the findings of the Commissioner are based on substantial evidence. Because the Report provides specific details of the facts in this case, the same will

3

not be repeated in this order.

The parties were advised of their right to file specific written objections to the Report. Neither party filed any objections.

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, and the magistrate judge's Report, the court finds the Report provides an accurate summary of the facts in the instant case. The magistrate judge's findings are hereby specifically incorporated herein by reference. Accordingly, this action is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and is remanded to the Commissioner for further proceedings as noted herein and in the magistrate judge's Report.

IT IS SO ORDERED.

August 9, 2007  
Columbia, South Carolina

s/ Joseph F. Anderson, Jr.  
United States District Judge